IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:15cr301 (JCC) |
| | ) | |
| MICHAEL HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

### M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant
Michael Henderson's ("Defendant") Motion to Join Specific
Motions Previously Filed by Co-Defendant Jen Seko.  [Dkt. 380.]
In this motion, Defendant seeks to join and fully adopt the
motions and memoranda in support of Jen Seko's original three
discovery motions: (1) Motion for Clarification of Discovery;
(2) Request for Exhibit List Production 45 Days Prior to Trial;
and (3) Request for Clarification of Discovery Order to Permit
Ms. Seko to Review Discovery.  (Def. Mot. at 1.)  Defendant
places particular emphasis on Ms. Seko's third motion.  (*Id.*)

For the following reasons, the Court will deny
Defendant's motion for a more particularized discovery log.  In
line with Ms. Seko, the Court will allow the parties to exchange
exhibit lists fourteen (14) days prior to trial.  Finally, the
Court will grant Defendant's motion to retain copies of certain
witness interview reports.

1

## I.    Background

Michael Henderson is charged along with four other co-defendants with one count of conspiracy to commit mail fraud and wire fraud, five substantive counts of wire fraud, and five substantive counts of mail fraud.  [Dkt. 254.]  These charges arise out of an alleged nationwide "mortgage modification" fraud scheme that targeted homeowners.  Mr. Henderson in particular is charged with serving as the signatory for various bank accounts used to deposit payments from homeowners targeted by the scheme, as well as serving as a "customer service representative" in the scheme.  [Dkt. 254, ¶ 5.]  Trial is scheduled to begin on February 13, 2017.

To date, the Government has provided Defendant's counsel with four indices.  On September 28, 2016, the Government provided the first index, or discovery log, which "consisted of a 14-page spreadsheet broken down into approximately 640 rows by beginning and ending bates numbers, specifying the general category of record for each document or range of documents and the specific custodian from which the records were received, and further providing additional descriptive detail about certain records as appropriate."  [Dkt. 369 at 10-11.]  On October 18, 2016, the Government emailed Defendant's counsel to notify him that an additional production of materials was ready and attached three additional indices.

(Gov. Mem. in Opp. at 4.)  The new indices included: (1) a
supplemental discovery log of the bates-stamped materials, in
the same format as the prior log provided on September 28, 2016;
(2) a supplemental index of the electronic data seized during
the execution of search warrants; and (3) an index summarizing
the hard-copy evidence that was seized during searches and has
been made available for defense counsel's review.  (*Id.*)

## II.  Standard of Review

Federal Rule of Criminal Procedure 16 states that "the
government must provide to the defendant" a list of items prior
to trial, including: (1) defendant's oral statements; (2)
defendant's written or recorded statements; (3) defendant's
prior criminal record; (4) any documents or objects that may be
material to the defense, may be used in the Government's case-
in-chief, or may belong to the defendant; (5) the results of any
examinations and tests that the Government has in its possession
or knows exist and that may be material to the defense; and (6)
a written summary of potential testimony from expert witnesses.
*See* Fed. R. Crim. P. 16(a)(1)(A)-(G).  It also makes clear that
"[a]t any time the court may, for good cause, deny, restrict, or
defer discovery or inspection, or grant other appropriate
relief."  *Id*. 16(d)(1).  The rule does not apply to the
discovery of statements made by prospective Government

witnesses.  *Id.* 16(a)(2).  Such statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500.  *Id.*

The *Jencks* Act requires the production of the Government's witnesses' statements after each witness has testified at trial.  *See* 18 U.S.C. § 3500(a) ("[N]o statement or report . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.").  This prohibition is meant to ensure witness safety, including witnesses who are alleged co-conspirators.  *United States v. Beckford*, 962 F. Supp. 780, 787 (E.D. Va. 1997) (citing *Roberts*, 811 F.2d at 259).  Thus, "a district court may not order the disclosure of *Jencks* material earlier than provided by statute."  *Id.*

### III. Analysis

Defendant adopts and incorporates Ms. Seko's arguments for his own discovery motions.  (Def. Mot. at 1.)  The Court will now address each motion in turn.

A.   Motion for a More Particularized Discovery Log

Defendant first argues that a more particularized discovery log is necessary because the discovery involves "an unknown number of documents" which "likely number millions of printed pages."  [Dkt. 364, ¶ 4.]  Defendant claims that the first index the Government provided was not sufficiently detailed to be helpful.  [*Id.*, ¶¶ 7-8.]  Absent a helpful index,

4

Defendant's counsel claims that he could not possibly read all of the materials before trial. [*See, e.g., id.*, ¶ 14.][1]  In other words, Defendant's counsel argues that he cannot render effective assistance to his client.

The Government disputes Defendant's characterization of the discovery and argues that it has fully and diligently complied with its discovery obligations in this case.  (Gov. Mem. in Opp. [Dkt. 369] at 12.]  As proof of this assertion, the Government points out that it has provided the discovery in "multiple searchable formats with accompanying indices." (*Id.* at 14.)  It has also provided an index with more than 600 entries that identifies the bates range, type of custodian, and the specific custodian. (*Id.* at 15.)  Furthermore, after the filing of Defendant Seko's motion, the Government made it possible for this index to serve as an "overlay" onto the electronically searchable database. (*Id.*)  As for the computer and cell phone images, the Government provided these images in the same electronic format that the Government has them, sending forensic reports for the four most sophisticated cell phones and offering to create and disseminate reports for three more. (*Id.* at 16.)  Finally, the Government provided a detailed index to describe the limited hard-copy discovery materials, which

---

[1] After receiving three additional indices from the Government, Ms. Seko withdrew this motion.  [Dkt. 372.]

includes "62 line-item entries . . . as well as the dates and locations from which they were seized." (*Id.* at 18.)  Given the myriad ways in which the Government has sought to help defense counsel access this discovery, the Government believes it has far exceeded its obligations.  The Court agrees.

Defendant has cited no legal authority for the proposition that the Government must provide a meaningful index. In fact, Rule 16 "is entirely silent on the issue of the form that discovery must take; it contains no indication that documents must be organized or indexed." *United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010).  Nevertheless, the Government has provided four different indices in an attempt to help Defendant sort through the voluminous discovery.  The Government has also clarified points of confusion and will continue to do so.  Furthermore, it has provided the documents in multiple searchable formats.  Given the Government's efforts in this case, the Court finds that the Government has complied with its discovery obligations.  Accordingly, the Court denies Defendant's motion.

  B. <u>Motion to Exchange Exhibit Lists 45 Days Before Trial</u>

Through incorporation, Defendant also requests that exhibit lists be exchanged 45 days prior to trial.  [Dkt. 364 at 7.]  Absent a meaningful index, Defendant argues that an exhibit

list is the only way to sort through the voluminous discovery and prepare for trial. [*Id.*, ¶ 26.][2]

The Government argues that there is no legal authority supporting Defendant's request for an exhibit list 45 days in advance. (Gov. Mem. in Opp. [Dkt. 369] at 20.) It claims that the purpose of an exhibit list is not to guide Defendant's review of discovery, but to ensure that the trial runs smoothly. (*Id.*) Nevertheless, the Government has agreed to provide Defendant with a draft exhibit list no later than 14 days before trial, assuming that Mr. Henderson agrees to do the same. (*Id.* at 21.)

The Government is correct that there is no Fourth Circuit precedent that directly addresses a defendant's request for an exhibit list approximately six weeks before trial. The Fourth Circuit has clarified, however, that "Rule 16 does not require the prosecution to disclose all the minutia [sic] of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." *United States v. Anderson*, 481 F.2d 685, 694 (4th Cir. 1973) (internal citations and quotations omitted). Rather, "[w]hether to order the disclosure of an exhibit list . . . lies within the sound discretion of the court." *See Anderson*, 481 F.2d at 693.

---

[2] After receiving three additional indices from the Government, Ms. Seko later withdrew this motion and agreed to exchange exhibit lists 14 days prior to trial. [Dkt. 372.]

In the instant case, Defendant's motion sounds strikingly similar to a request that the Government "disclose all the minutia of its evidence" against him.  Given that the Government has now provided Defendant with four indices, Defendant has failed to show why the receipt of an exhibit list 45 days prior to trial would be both material to the preparation of his defense and reasonable in light of the circumstances. Accordingly, the Court denies Defendant's motion.  The Defendant may still agree, however, to exchange exhibit lists with the Government 14 days prior to trial.

### C.   Motion for Copies of Certain Witness Reports

Defendant's final request is that he be allowed to retain copies of certain witness interview reports.  [Dkt. 364 at 8.]  The Court presumes for the purposes of this motion that Defendant Henderson intends to adopt Defendant Seko's Amended Motion.  [Dkt. 372.]  In her Amended Motion, Defendant Seko's counsel clarifies that he is seeking permission to provide Ms. Seko with copies of certain non-victim, substantive witness interview reports only.  [*Id.*, ¶¶ 16-18.]  Ms. Seko appears to be interested in obtaining copies of her alleged co-conspirators' interview reports in particular.  [*Id.*, ¶ 17.]

Here, Defendant's counsel argues that Mr. Henderson is in a particularly difficult position with respect to obtaining copies of discovery materials, given that he is being detained

in the Alexandria Detention Center ("the Detention Center").
(Def. Mot. at 1.) The Detention Center houses local, state, and
federal prisoners. (*Id.*) As of August 11, 2016, it housed
nearly 400 inmates. (*Id.*) Despite this high number of inmates,
the Detention Center has only three meeting rooms for attorneys
and their clients. (*Id.*) Moreover, visiting hours are limited
to three hours per evening, five days per week. (*Id.*) Given
the size of the inmate population, Defendant's counsel has to
compete with other attorneys for meeting space. (*Id.*) When
counsel is able to secure a room, counsel claims that his visits
are limited to "watching defendant while he reads one document
at a time." (*Id.*)

        In its opposition, the Government argues that Part IV
of the discovery order allows Defendant's counsel to disclose
the contents of *Jencks* Act and *Giglio* materials to Mr.
Henderson, so long as counsel does not provide him with copies.
(Gov. Mem. in Opp. [Dkt. 369] at 21.) The Government claims
that this is a standard provision in the Eastern District of
Virginia, having been "routinely ordered in hundreds of cases."
(*Id.* at 22.) Furthermore, the Government argues that the
restriction clearly applies only to *Jencks/Giglio* materials
(*i.e.*, interview reports) associated with the Government's
witnesses for its case-in-chief. (*Id.*) The Government has
identified these reports as "interview summaries" in the

discovery index, and has offered to answer any specific questions that Defendant's counsel may have about whether particular documents should be included in the restriction on providing Mr. Henderson copies. (*Id.*) At oral argument, the Government also emphasized its concern that the witness interview reports contain sensitive personal and financial information.

Although this Court understands the Government's concern that the witness interview reports may contain sensitive materials, this Court also appreciates the unique challenges presented by visiting clients at the Alexandria Detention Center. In order to ensure that counsel has sufficient time to prepare for trial, this Court grants Defendant's request to permit Mr. Henderson to retain copies of non-victim, substantive witness interview reports only. This Court also orders Mr. Henderson to keep these documents in his exclusive possession at the Detention Center and to not share or discuss their contents outside of meetings with his attorney.

## IV.  Conclusion

For the foregoing reasons, this Court grants Defendant's request to permit Mr. Henderson to retain copies of the interview reports of certain non-victim, substantive witnesses and orders Mr. Henderson to keep these documents in his exclusive possession. It also denies as moot Defendant's

request for a more particularized discovery log.  Finally, the Court grants the parties' request to exchange exhibit lists fourteen (14) days before trial, should Defendant's counsel agree.

An appropriate order shall issue.

_____
/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

December 20, 2016
Alexandria, Virginia