IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,      )
                                             )
        v.                     )       1:15cr301 (JCC)
                                             )
JEN SEKO, *et al.*,           )
                                           )
    Defendants.         )

**M E M O R A N D U M   O P I N I O N**

     This matter is before the Court on Defendant Michael Henderson's ("Defendant" or "Henderson") Motion *in Limine* Regarding Use of Defendant's Alleged Nickname.  [Dkt. 490.] This matter is also before the Court on Defendant's Motion to Join Specific Motions *in Limine* Regarding Introduction of Tax Returns.  [Dkt. 526.]  For the following reasons, the Court will grant Defendant's motion to exclude the use of his nickname, but deny Defendant's motion to exclude his tax returns.

### I. Standard of Review

     The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.  Such evidentiary rulings

1

"are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). "[The Court of Appeals] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *Id.* (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

As a general matter, all relevant evidence is admissible unless there are constitutional, statutory, or rule-based exceptions preventing its admission. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. What constitutes "relevant evidence" depends on the facts of the case, the nature of the claims, and the associated defenses to those claims.

One example of a rule-based exclusion to the admission of relevant evidence is Rule 403 of the Federal Rules of Evidence. This Rule states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In addition, the Rules also contemplate the exclusion of evidence of "'other crimes, wrongs, or acts' solely to prove a defendant's character."  *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Rule 404(b)).  At the same time, however, Rule 404(b) recognizes that this same evidence "may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"  *Id.*  In order for proffered evidence to be admissible, the evidence: (1) "must be . . . relevant to an issue other than character," such as motive, intent, or knowledge, *United States v. Siegel*, 536 F.3d 306, 317-18 (4th Cir. 2008) (internal quotation marks omitted); (2) "must be necessary to prove an element of the crime charged," *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997), or to prove context, *see id.* at 998; and (3) "must be reliable," *id.* at 995.  Finally, the evidence must not otherwise be subject to exclusion under Rule 403.  *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010).

## II. Analysis

A.  Defendant Henderson's Motion *in Limine* to Exclude Nickname

        Defendant argues that the Government's use of his

alleged nickname, "Money Making Mike," is not necessary to fully

identify him.  Def. Mot., ¶ 2.  Defendant also asserts that the

nickname is not relevant under Rule 401 and is being employed by

the Government solely "to harass and embarrass [him]."  *Id.*,

¶¶ 2-3.  As a result, Defendant asks the Court to exclude any

evidence, testimony, or argument that uses this nickname from

trial.

        The Government argues that the use of Defendant

Henderson's nickname is necessary for witnesses to fully

identify him, intrinsic to the charged fraud scheme, and not

unfairly prejudicial.  Gov. Mem. in Opp. [Dkt. 515] at 1.  For

example, the Government asserts that Defendant Henderson was

known to his co-conspirators as "Money Mike" or "Money Making

Mike" due to his role in the conspiracy of opening bank

accounts, withdrawing victim payments, and distributing the

funds to other members of the conspiracy.  *Id.*, ¶ 1.

Furthermore, the Government claims that this nickname

differentiated Defendant Henderson from other individuals named

"Mike" in the conspiracy and that some witnesses never learned

his last name.  *Id.*, ¶ 2.  According to the Government, the use

of this nickname would not be unfairly prejudicial because it

directly relates to the acts Defendant is accused of: handling the money in this case. *Id.*, ¶ 4.

"If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible." *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976) (per curiam) (internal citations omitted).  At the same time, "admission of a defendant's nickname is impermissible when used only to demonstrate that 'the defendant ha[s] some sort of history or reputation for unsavory activity,'" *United States v. Brown*, 5 F. Supp. 3d 786, 788 (E.D. Va. 2014) (citing *United States v. Williams*, 739 F.2d 297, 299 (7th Cir. 1984)), when the prosecution fails to offer proof relating to the alias, *Clark*, 541 F.2d at 1018, or when the alias—although proven-holds no relationship to the acts charged, *id*.  "Before receiving such evidence over a defendant's objection, a trial court should consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice, Fed. R. Evid. 403, and whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance." *United States v. Farmer*, 583 F.3d 131, 135 (2d Cir. 2009).

Here, the use of Defendant's nickname meets Rule 401's
definition of relevance.  The Government intends to show that
Defendant was known as "Money Mike" or "Money Making Mike" to
his co-conspirators, that this nickname helped differentiate him
from other individuals named "Mike" in the alleged fraud scam,
and that some witnesses never learned his last name.  Thus, such
evidence is admissible unless there are constitutional,
statutory, or rule-based exceptions prohibiting it.  *See* Fed. R.
Evid. 402.

After weighing the use of Defendant's nickname against
the danger of any unfair prejudice under Rule 403, the Court
finds that "Money Making Mike" should be excluded.  Although
Defendant's nickname may help the prosecution to partially
identify him and connect him with the charged crimes, the use of
this alias is not "truly needed" for identification purposes.
*Farmer*, 583 F.3d at 135.  That is because all of Defendant's co-
conspirators and the Government's cooperating witnesses—even
those who only knew him by this moniker—can still identify him
by his first name.  Their testimony will not be unnecessarily
complicated by their inability to refer to him as "Money
Making."  Furthermore, because no other individuals named Mike
from the conspiracy are also on trial today, there is little
chance for confusion.  Finally, the use of Defendant's alias
would cause him unfair prejudice because he is accused of

handling the conspiracy's money and his particular alias—"Money

Making Mike"—"bespeaks guilt . . . or depravity."  *Farmer*, 583

F.3d at 135 (vacating an attempted murder conviction after the

Government invited prejudice in its use of the defendant's

nickname, "Murder").  Accordingly, the Court will grant

Defendant's motion to exclude the use of his nickname at trial.

B. Defendant Henderson's Motion to Adopt Motions *in Limine* to
   Exclude Tax Returns

        Defendant asserts that he would like to adopt all

motions and memoranda in support thereof that have been

previously filed by Defendants Seko and Araya to exclude their

federal income tax returns from evidence.  Def. Mot. to Adopt

[Dkt. 526] at 1.  In particular, Mr. Henderson would like to

prevent the Government from introducing evidence that he failed

to file certain tax returns.[1]  *Id.*

        Like Defendants Seko and Araya, the Court finds that

Defendant Henderson's tax returns are admissible.  His tax

returns are relevant evidence under Rule 401.  Because the

returns are being offered to prove Defendant's state of mind,

and not his propensity for committing criminal acts, the

evidence is also admissible under Rule 404(b).  *See Queen*, 132

F.3d at 995, 998.  Finally, Henderson's tax returns under Rule

---

[1] The Government's arguments in opposition have been detailed at length in
prior Memorandum Opinions ruling on Defendant Seko's and Defendant Araya's
motions *in limine* to exclude their tax returns.  As a result, the Court will
not discuss the Government's arguments further here.

403, while prejudicial, are not unfairly so.  *See United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) ("The mere fact that the evidence will damage the defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence.") (citation omitted) (emphasis in original). Accordingly, Defendant's motion to exclude his tax returns is denied.  An appropriate limiting instruction will be provided to the jury.

### III.    Conclusion

For the foregoing reasons, the Court will grant Defendant's motion *in limine* to exclude his nickname.  The Court will deny Defendant's motion *in limine* to exclude his tax returns.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 10, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |